IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02901-WYD-KLM

MICHAEL MCCOY; and
SARAH MCCOY, husband and wife,

Plaintiffs,

v.

STRYKER CORPORATION, a Michigan corporation;
STRYKER SALES CORPORATION, a Michigan corporation;
I-FLOW CORPORATION, a Delaware corporation;
DJO, LLC (f/k/a DJ ORTHOPEDICS, LLC, a Delaware limited liability company;
DJO, INCORPORATED (f/k/a DONJOY), a Delaware corporation; and
DOES 1-20,

Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court upon the letter of Plaintiff Michael McCoy, which the Court has construed as a **Motion to Dismiss** [Docket No. 9; Filed April 23, 2010] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for a recommendation. The Court, having considered the entire case file and being sufficiently advised, **RECOMMENDS** that the Motion be **GRANTED**.

Plaintiffs are proceeding *pro se* in this matter. In the Motion, Plaintiff Michael McCoy states "I have no desire to pursue any legal action." *Motion* [#9] at 1. The Court construes Plaintiff to have made a request that the case be dismissed pursuant to Fed. R.

Civ. P. 41(a)(1), as Defendants have not yet been served.[1]  Accordingly, I respectfully **RECOMMEND** that the Motion be **GRANTED** and this action **DISMISSED without prejudice.**

IT IS FURTHER **ORDERED** that pursuant to Fed.R.Civ.P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

IT IS FURTHER **ORDERED** that the Scheduling Conference set in this matter for May 4, 2010 at 10:30 a.m. is **VACATED**.

Dated:  April 26, 2010

BY THE COURT:

---

[1] The letter here construed as a Motion to Dismiss is signed only by Plaintiff Michael McCoy.  All claims brought in this action by Plaintiff Sarah McCoy are based on loss of consortium.  See Complaint, Docket No. 1.  Because Plaintiff Sarah McCoy's claims are derivative of her husband's, *see Schwindt v. Hershey Foods Corp.*, 81 P. 1144, 1148 (Colo. App. 2003), the Court finds that Plaintiff Michael McCoy's request that the case be dismissed operates as a request to dismiss Plaintiff Sarah McCoy's claims as well.  *See, e.g., Carani v. Meisner*, No. 08-cv-02626-MSK-CBS, 2009 WL 2762719, at *5 (D. Colo. Aug. 26, 2009) (citing *Schwindt*, 81 P.3d at 1148) (finding that because plaintiff-wife's claim dismissed for failure to state a claim, plaintiff-husband's claim for loss of consortium must also be dismissed as it "is viable only upon proof" that plaintiff-wife "has a viable substantive claim" against defendant).

s/ Kristen L. Mix
U.S. Magistrate Judge